# EXHIBIT “A”

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

Index No.:
Date Purchased:

SHAWN THOMAS,

Plaintiff,

-against-

R+L PARAMOUNT TRANSPORTATION SYSTEM, INC.,

Defendant.

Plaintiffs designates Dutchess County as the place of trial.

The basis of the venue is the Plaintiff's place of residence

**SUMMONS**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 12, 2026
Kingston, New York

Defendants Address

600 Gillam Road, 5262
Wilmington, OH 45177

DEREK J. SPADA
BASCH KEEGAN, & SPADA, LLP
Attorneys for Plaintiff
307 Clinton Avenue
Kingston, New York 12402
Tele: (845) 338-8884

BASCH KEEGAN & SPADA, LLP, 303 & 307 CLINTON AVENUE, KINGSTON, N.Y. 12401

BASCH KEEGAN & SPADA, LLP, 303 & 307 CLINTON AVENUE, KINGSTON, N.Y. 12401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

SHAWN THOMAS,

Plaintiff,

-against-

R+L PARAMOUNT TRANSPORTATION SYSTEM, INC.,

Defendants.

# COMPLAINT

The Plaintiff SHAWN THOMAS as and for his complaint, complaining of the Defendant, hereby respectfully alleges and shows to the Court the following:

FIRST: That at all times hereinafter alleged, the Plaintiff resided in Dutchess County, New York.

SECOND: That at all times hereinafter alleged, the Defendant was a Corporation, duly organized and existing by virtue of the laws of a state other than New York.

THIRD: That at all times, year after alleged, the Defendant had an office or principal place of business located at 600 Gillam Road, 5262, Wilmington, OH 45177.

FOURTH: That at all times here and after alleged, and specifically on August 8th, 2025, the Plaintiff was the owner and operator of a certain 2020 Dodge Durango automobile.

FIFTH: That at all times hereinafter alleged, and specifically on August 8th, 2025, the Defendant was the owner of a certain tractor-trailer automobile.

SIXTH: That at all times here and after alleged, and specifically on August 8, 2025, the Defendants said tractor trailer automobile was being operated on South Road/Route 9 in Poughkeepsie, New York.

SEVENTH: That at all times here and after alleged, and specifically on August 8, 2025, the Defendants said tractor trailer was being operated by an employee of the Defendants' company.

EIGHTH: That at all times hereinafter alleged, and specifically on August 8th, 2025, the Defendants said tractor-trailer was being operated by an employee, agent, or contractor of the Defendant.

BASCH KEEGAN & SPADA, LLP, 303 & 307 CLINTON AVENUE, KINGSTON, N.Y. 12401

NINTH: Upon information and belief, said employee, contractor, or agent of the Defendant is named Michael Williams.

TENTH: That on August 8, 2025, while the Defendant's said tractor trailer was being operated on South Road/Route 9 in Poughkeepsie, New York, a pallet jack fell from said tractor trailer, thereby causing an automobile collision with the Plaintiff's said Dodge Durango.

ELEVENTH: That said, pallet jack was negligently secured in the Defendant's tractor-trailer.

TWELFTH: That the Defendant is vicariously liable for the negligent acts of the operator of said tractor-trailer, which were committed on August 8, 2025.

THIRTEENTH: As a result of the negligence of the Defendant, either directly or vicariously, the Plaintiff sustained injuries and damages.

FOURTEENTH: As a result of the foregoing, the Plaintiff incurred a serious injury as defined by New York State Insurance Law § 5102(d).

FIFTEENTH: As a result of the foregoing, the Plaintiff incurred economic loss greater than basic economic loss.

SIXTEENTH: Based on the foregoing, the Plaintiff demands judgment against the Defendant in an amount that exceeds the monetary jurisdictional limits of all courts within the jurisdiction of the Supreme Court, County of Dutchess, State of New York.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount that exceeds the monetary jurisdictional limits of all courts within the jurisdiction of the Supreme Court, County of Dutchess, State of New York; together with the costs and disbursements of this action, reasonable attorney's fees or as the law shall provide at the time of rendition of the verdict.

Dated: January 12, 2026
Kingston, New York

Yours, etc.,

DEREK J. SPADA
BASCH KEEGAN & SPADA, LLP
Attorneys for Plaintiff
303 & 307 Clinton Avenue
Kingston, New York 12401
Tel: (845) 338-8884